IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUNE HAWKINS-KIMMEL, and
RICHARD HAWKINS-KIMMEL,

        Plaintiffs,

                      3:14-CV-00529-PK

     v.

                      FINDINGS AND
                      RECOMMENDATION

ANDREW HAWKINS-KIMMEL, and
M&A WEALTH MANAGEMENT, INC., a
Colorado Corporation

        Defendants.

_____

PAPAK, Magistrate Judge:

      Plaintiffs June Hawkins-Kimmel and Richard Hawkins-Kimmel ("Plaintiffs") filed this

action against defendants Andrew Hawkins-Kimmel and M&A Wealth Management, Inc.

("Defendants") alleging breach of fiduciary duty, accounting, and conversion claims under 29

Page 1 - FINDINGS AND RECOMMENDATION

U.S.C. § 80b and Oregon common law; elder abuse under ORS 124.100; and breach of Oregon

Securities Law under ORS 59.115, 59.135, and 59.137. This court has jurisdiction over this

action pursuant to 28 U.S.C. §§ 1331, 1332(a).

Before the court is Defendants' Motion to Dismiss Plaintiffs' fifth claim (#27)[1] pursuant

to Federal Rules of Civil Procedure 9(b) and 12(b)(6). I have considered the parties' motions and

all of the pleadings on file. For the reasons that follow, Defendants' Motion should be denied.

## FACTUAL BACKGROUND[2]

Plaintiffs are 75 and 80 years old and are the parents of defendant Andrew Hawkins-

Kimmel. Second Amended Complaint ("SAC"), #26, ¶ 5. Plaintiffs are retired and, as of 2007,

had assets amounting to approximately $2 million. *Id.* ¶ 6. This amount was distributed between

various IRA and brokerage accounts. *Id.* Defendant Andrew Hawkins-Kimmel became

Plaintiffs' investment advisor in 2002. *Id.* at ¶ 4. In 2004, a sale of real property added an

additional $1.6 million to Plaintiffs' collective assets. *Id.* at ¶ 6. In 2006, a separate sale of an

office building yielded an additional $200,000. *Id.*

Plaintiffs point to their various assets and accounts to illustrate their decline in wealth

over the period at issue, during which Defendant Andrew Hawkins-Kimmel acted as their

financial adviser and investment manager. At various points during the relevant time period,

Plaintiff June Hawkins-Kimmel held IRA accounts at LPL Financial Services and Charles

---

[1] Defendants style their motion as "Defendants' Rule 9 and Rule 12 Motions and
Memorandum in Support" (#27).

[2] In ruling on a Rule 12(b)(6) motion to dismiss, a court must take the complaint's
allegations of material fact as true and construe them in the light most favorable to the
nonmoving party. *Kearns v. Tempe Tech. Inst., Inc.*, 39 F.3d 222, 224 (9th Cir. 1994). As a
preliminary matter, I note that this background is drawn from plaintiffs' well-pled allegations.

Schwab. SAC, #26, ¶ 7. On September 30, 2006, her"Employee Retirement Plan" at LPL had a

balance of $1,307,245.59, and another LPL account had a balance of $455,966.15. *Id.* Those

two accounts were later combined into a single IRA account, which had a balance of

$2,069,677.88 on December 31, 2007. *Id.* Additionally, Plaintiff Richard Hawkins-Kimmel had

two IRA accounts at LPL that were combined into a single account which, as of December 31,

2007, had a balance of $97,737.15. *Id.* ¶ 8.

      In April 2010, Defendants transferred the funds maintained in Plaintiff June Hawkins-

Kimmel's LPL IRA to Charles Schwab. On April 30, 2010, that new account had a balance of

$1,072,946.21. *Id.* ¶ 7.

      Defendant Andrew Hawkins-Kimmel invested over $900,000 of Plaintiffs' moneys, in

eleven separate transactions, into his own bank account or that of H-K Resources, which he

operates and controls. SAC, #26, ¶ 9. Additionally, Defendants invested in at least four other

companies controlled or operated by Defendant Andrew Hawkins-Kimmel, including Sanitas

Enterprises LLC, Shavano Enterprises LLC, Sylvathwaite LLC, and Vanilla Sky Enterprises

LLC. *Id.* ¶ 9.

      Plaintiffs have unsuccessfully requested Defendants' records relating to the sale or

transfer of their assets. Similarly, plaintiffs have sought information relating to investment

account balances and financial records of the entities into which defendants invested plaintiffs'

assets. *Id.* at ¶ 11. As of April 30, 2014, Plaintiff June Hawkins-Kimmel's IRA account at

Schwab had a balance of $7,692.12, and Plaintiffs' home was subject to foreclosure

"necessitating that Plaintiffs move into a mobile home." *Id.* ¶ 9. Plaintiffs now bring this action

alleging that Defendants' fraudulent concealment, omissions, misrepresentations, and acts entitle

Page 3 - FINDINGS AND RECOMMENDATION

Plaintiffs to economic damages.

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint against Defendant Andrew Hawkins-Kimmel in the Clackamas County Circuit Court of Oregon on February 13, 2014. Complaint, #1-1, 2. In the Complaint, plaintiffs sought recovery of funds, punitive damages, and resulting fees. Defendant Andrew Hawkins-Kimmel, a citizen of Colorado, thereafter removed to this court on April 1, 2014, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). An administrative correction later added M&A Wealth Management, Inc. ("M&A"), a Colorado corporation and registered investment adviser firm, as a named defendant. Am. Complaint, #9, ¶ 3. M&A is owned and controlled by Defendant Andrew Hawkins-Kimmel.

On September 22, 2014, Defendants filed a motion to dismiss (#16). On November 4, 2014, the court heard oral argument on defendants' motion. On December 22, 2014, the court denied that motion in part and granted it as to Plaintiffs' fifth claim for relief (#22, #25), in which Plaintiffs allege violations of Oregon Securities Law, particularly ORS 59.135 and 59.137. The court dismissed that claim without prejudice and granted Plaintiffs leave to amend in order to allege additional facts showing reliance on alleged misrepresentations (#22).

On January 9, 2015, Plaintiffs filed their Second Amended Complaint (#26). Thereafter, on January 26, 2015, Defendants filed the current motion (#27) challenging only the sufficiency of Plaintiffs' fifth claim for relief. Plaintiffs filed their Opposition on February 9, 2015 (#31). Defendants filed their Reply on February 17, 2015 (#30). This matter is fully submitted and ready for decision.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation omitted). Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a Rule 12(b)(6) motion to dismiss, a court must take the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Keams v. Tempe Tech. Inst., Inc.*, 39 F.3d 222, 224 (9th Cir. 1994). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008). Moreover, the "court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

## DISCUSSION

Defendants move against Plaintiffs' fifth claim on the grounds that Plaintiffs have allegedly failed to plead reliance. As per this court's prior order on Defendants' Motion to Dismiss (#15), Plaintiffs were granted leave to amend their complaint "to clarify defendants'

Page 5 - FINDINGS AND RECOMMENDATION

misrepresentations and properly allege reliance . . . [and] add facts necessary to plead reliance in support of [their fifth] claim." Findings & Recommendation, #15, 15–16.

In their Amended Complaint, Plaintiffs pled the following in support of the reliance element of their fifth claim: "Plaintiffs reposed their trust and confidence in A. Hawkins-Kimmel to safeguard their assets and to provide for their retirement." Am. Complaint, #9, ¶ 4. In their Second Amended Complaint, after the court's dismissal of the fifth claim, Plaintiffs amended that sentence to state the following: "Plaintiffs reposed their trust and confidence in A. Hawkins-Kimmel to safeguard their assets and to provide *income* for their retirement." SAC, #26, ¶ 4 (emphasis added). Additionally, Plaintiffs initially pled the following in support of their fifth claim: ". . . A. Hawkins Kimmel made the misleading statements to Plaintiffs as stated above . . . ." Am. Complaint, #9, ¶ 42. In their Second Amended Complaint, Plaintiffs revised that sentence to state: ". . . A. Hawkins Kimmel made the materially misleading statements to Plaintiffs, on which they relied, together with the omissions of material fact stated above . . . ." SAC, #26, ¶ 42. Most importantly, Plaintiffs contend that they have properly amended their pleadings in conformity with this court's prior ruling by pleading some additional facts supporting reliance in their Second Amended Complaint, particularly that Plaintiffs relied on "repeated promises that Andrew would safeguard all of Plaintiffs' assets for their retirement and Plaintiffs 'will get great returns' on the oil and gas investments he recommended." SAC, #26, ¶ 34.

Defendants now argue that these additional allegations in support of the reliance element of Plaintiffs' fifth claim for relief are insufficient "to cover a 12-year period and numerous alleged investments." Def.'s Reply, #32, 3. Defendants argue that the Second Amended

Complaint suffers the same insufficiencies as those present in Plaintiffs' First Amended

Complaint, in which Plaintiffs merely stated that they "reposed their trust and confidence in A.

Hawkins-Kimmel to safeguard their assets and to provide for their retirement." *Id.* I disagree.

The Supreme Court of Oregon has declared that a purchaser of securities on the open

market must establish *some form of* reliance on misrepresentations made by the defendant in

order to establish a claim for damages under ORS 59.137." *State v. Marsh & McLennan*

*Companies, Inc.*, 353 Or. 1, 13, 292 P.3d 525, 532 (2012) (emphases added). When considering

a motion to dismiss I "must take the complaint's allegations of material fact as true and construe

them in the light most favorable to the nonmoving party." *Kearns*, 39 F.3d at 224. Further, "[a]ll

reasonable inferences from the factual allegations must be drawn in favor of the plaintiff."

*Newcal Indus.*, 513 F.3d at 1043 n.2. Here, I find that Plaintiffs fifth claim survives Defendant's

current motion because Plaintiffs have established "some form of reliance," in conformity with

*State v. Marsh*, by alleging that Defendant Andrew Hawkins-Kimmel repeatedly promised that

he would safeguard the assets now at issue in this case and promised significant returns on

investments over which he exercised control and authority. Additionally, Plaintiffs relied on

those promises and statements when they yielded financial control of their assets to Defendants.

## CONCLUSION

Consistent with the foregoing, Defendants' Motion to Dismiss (#27) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, then the Findings and Recommendation will go under advisement on that date. If

objections are filed, then a response is due fourteen (14) days after being served with a copy of

the objections. When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

Dated this 13th day of May, 2015.

Honorable Paul Papak
United States Magistrate Judge